**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 27 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAJUAN STROMAN,

               Petitioner-Appellant,

  v.

DAVE DAVEY, Warden,

               Respondent-Appellee.

No. 16-15852

D.C. No. 3:14-cv-02245-EMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted March 14, 2018
San Francisco, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and RAKOFF,[**] Senior
District Judge.

    Petitioner Jajuan Stroman ("Stroman") appeals from the district court's

denial of his petition for a writ of habeas corpus under the Antiterrorism and

Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. We have jurisdiction

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Jed S. Rakoff, Senior United States District Judge for
the Southern District of New York, sitting by designation.

under 28 U.S.C. § 2253. Reviewing the district court's denial *de novo*, *see Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir. 2000) (en banc), we affirm.

Stroman, together with his co-defendant Terrance L. Varner ("Varner") was convicted by a California state court jury of second degree murder. The jury also approved an enhancement that provides for an additional term of 25 years to life in prison if, in the commission of a murder, a defendant "personally and intentionally discharge[d] a firearm and proximately cause[d] great bodily injury . . . or death." Cal. Penal Code § 12022.53(d). Stroman challenges this conviction on the same grounds as Varner challenges his conviction, with the exception that Stroman does not contest the jury instructions on aiding and abetting.

Stroman contends that the admission of DeAngelo Hudson's preliminary hearing testimony was prejudicial. Applying the highly deferential standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619 (1993), however, we conclude that any such error with respect to Stroman did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Davis v. Ayala*, 135 S. Ct. 2187, 2198-99 (2015) (quoting *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995)). In addition to Hudson, two other eyewitnesses admitted in earlier statements to seeing both Varner and Stroman shoot at the victim. Stroman's ex-girlfriend was the only other witness who at any point said that he or she (1) saw the whole shooting and (2) said that only Varner shot. The jury had ample reason to doubt her credibility,

apart from Hudson's testimony. Stroman's ex-girlfriend testified at trial that she had loved Stroman and did not want anything bad happen to him. She also said in an earlier statement that Varner had shot from so close that he could not have missed; in that moment Varner and the victim were, by her account, "[b]ody to body." But forensic evidence indicated that there were no powder burns on the victim's body and that, accordingly, the shots were likely fired from farther away. Furthermore, Stroman had been involved in an earlier confrontation with the victim and thus had a more powerful motive to kill.

As to his remaining claims, Stroman is not entitled to habeas relief for the reasons outlined in our memorandum disposition issued this same day in *Varner v. Davey*, 16-15771.

Stroman's motion for judicial notice (Docket Entry 21) is **GRANTED**.

**AFFIRMED.**